UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL D. WILLIAMS                                              CIVIL ACTION

VERSUS                                                                      NO. 09-5464

C&E BOAT RENTALS, LLC ET AL.                              SECTION "B" (2)

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION:  Defendant's Motion to Quash Deposition of Dr. James Dahlgren, Record Doc. No. 71

O R D E R E D:

XXX : GRANTED. The deposition of Dr. Dahlgren is hereby QUASHED. As the record now stands, the deposition of Dr. Dahlgren is unnecessary (since the district judge has ruled that his testimony will not be permitted at trial, Record Doc. No. 63), untimely (since it has been noticed well past the deadline for taking depositions and on the eve of trial, with no showing of "good cause" to extend the deadline, Record Doc. Nos. 17 and 47), and unreasonably cumulative and duplicative in light of Dr. Dahlgren's prior deposition, Fed. R. Civ. P. 26(b)(2)(C)(i), having been noticed without first obtaining leave of court in violation of Fed. R. Civ. P. 30(a)(2)(A)(ii). Thus, all three reasons offered by defendant in support of this motion are well-founded on the current record, and the deposition is hereby prohibited.

The basic thrust of plaintiff's opposition to the motion and his argument that this untimely re-deposition should be permitted is that Judge Lemelle erred in excluding Dr. Dahlgren's deposition because "this Court's exclusion of Dr. Dahlgren as a witness was based on the misconception that Dr. Dahlgren's entire opinion of toxic causation was based on the presence of 2-butoxy ethanol." Record Doc. No. 77 at p. 2. I note that plaintiff has filed a motion for reconsideration of Judge Lemelle's ruling excluding Dr. Dahlgren as a witness. Record Doc. No. 66. At this late date, however, with trial set to commence in two weeks, Record Doc. No. 62, I must deal with the record as it is, not as it might possibly some day be. At this writing, Dr. Dahlgren will not be testifying at trial.

Thus, considering the Rule 16 factors concerning the extension of court deadlines, I must find plaintiff's explanation for the untimely deposition notice unpersuasive, Dr. Dahlgren's testimony unimportant, and extreme prejudice to defendant if the deposition of a person who will <u>not</u> be a witness at trial were to be permitted at this late date. Until such time – if ever – that plaintiff succeeds in convincing the presiding district judge that an error was made in his previous ruling excluding Dr. Dahlgren as a witness, there appears to be no prospect – or need – for a trial continuance and certainly no basis for Dr. Dahlgren's eve of trial re-deposition.

New Orleans, Louisiana, this   25th   day of April, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. IVAN L.R. LEMELLE