UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL D. WILLIAMS**                           **CIVIL ACTION**

**VERSUS**                                        **NUMBER: 09-5464**

**C & E BOAT RENTALS, LLC, ET AL**                **SECTION: "B"(2)**

### ORDER AND REASONS

Before the Court is Plaintiff Michael D. Williams's ("Plaintiff") Motion for New Trial under Federal Rule of Civil Procedure 59. (Rec. Doc. No. 102). Plaintiff seeks a new trial on all issues raised in the Court's May 9-13, 2011 jury trial. The jury found the Defendant C&E Boat Rentals, LLC ("Defendant") free of fault and awarded no damages to Plaintiff. (Rec. Doc. No. 101). A review of the record reveals no manifest injustice that would warrant the granting of a new trial and therefore,

**IT IS ORDERED** that Plaintiff's Motion for New Trial is **DENIED**.

### Cause of Action and Facts of Case

This Jones Act claim for negligence and unseaworthiness arises from injuries sustained by Plaintiff in August 2007, while working aboard the vessel M/V RUSSEL A. CHERAMIE, owned by Defendant. (Rec. Doc. No. 1-1 at 1). Plaintiff alleges he incurred respiratory injuries while cleaning the vessel's lube oil tanks, due to lack of ventilation in the tanks and Defendant's failure to provide him with proper respiratory equipment. (Rec. Doc. No. 85

at 2).

On September 13, 2007 Plaintiff initially brought suit against Defendant and others. (Rec. Doc. No. 1-1 at 1). However, on September 14, 2007, he voluntarily dismissed that suit. *Id.* On May 20, 2009, Plaintiff then filed suit against Defendant in federal court in Texas, asserting the same claims as filed in the Louisiana suit. *Id.* at 2. Defendant then moved to transfer venue to this Court, and that motion was granted on July 30, 2009.[1] *Id.* at 18. A jury trial was conducted on May 9-13, 2011 in which a judgment was rendered in favor of Defendant on May 27, 2011. (Rec. Doc. No. 101).

**Plaintiff's Contentions**

Movant asserts that defense counsel's trial tactics improperly influenced the jury. (Rec. Doc. No. 102-1 at 5). Specifically, Movant asserts that: (1) defense counsel's comment to the jury that Attorney Newton Schwartz[2] orchestrated the case, Plaintiff's medical treatment, and the testimony of the witnesses was inappropriate, (2) the Court's overruling of the Movant's objection to the above mentioned statements appeared to convey to the jury

---

[1] *Michael D. Williams v. C&E Boat Rentals, LLC., and Crew Services Marine Personnel of LA., Inc.,* H-09-1527 (S.D. Tex., 7/30/2009); unreported.

[2] Mr. Schwartz is a Houston, Texas attorney who Plaintiff originally hired for representation in his first suit in federal court in Louisiana and then discharged him after voluntarily dismissal of the case. (Rec. Doc. No. 1-1 at 1). Plaintiff rehired Mr. Schwartz to represent him in Texas suit. *Id.* at 2. Plaintiff asserts that Mr. Schwartz is not an attorney in this suit (Rec. Doc. No. 102-1 at 2); however, Defendant contends that Mr. Schwartz is listed as Plaintiff's counsel on the complaint (Rec. Doc. No. 103 at 2).

the Court's support of those unsupported allegations, and (3) the jury verdict is clearly inconsistent with the evidence that an accident occurred on August 7, 2007. *Id.* at 2-3. Movant further asserts that the quickness of the verdict demonstrates the prejudicial effect that defense counsel's comments had upon the jury. *Id.* at 1.

**Defendant's Contentions**

Defendant contends the instant motion should be denied as its counsel's comments to the jury during closing arguments were neither improper, prejudicial, nor unsupported by evidence; and the evidence at trial overwhelmingly supported the jury's verdict. *Id.* at 1.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass U.S. Dep't of Agric.* 211 F. 3d 959, 962 (5th Cir. 2000). However the Fifth Circuit has held that such motions will be treated as motions to alter or amend a judgment under Rule 59(e), if filed within twenty-eight days of the entry of the judgment. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F. 3d 367, 371 n. 10 (5th Cir. 1998); *See also* Fed. R. Civ. P. 59(e). The instant motion has been timely filed. Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted "on all or part of the issues... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the

United States." Although Rule 59 does not list specific grounds for a new trial, a motion generally is granted on four grounds: (1) the verdict is against the weight of evidence, (2) the damages awarded are excessive, (3) the trial was unfair, or (4) prejudicial error was committed in the course of the trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(citations omitted); *see also McFadden v. Walmart Stores,* 04-2547, 2006 WL 3087164 at *2 (E.D. La. 10/27/06). The error requiring a new trial must be plain, affect the other party's substantial rights, and seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2006).

Further, altering, amending or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993). As such, new trials are granted only if "after considering counsel's trial tactics as a whole, the evidence presented, and the ultimate verdict, the court concludes that 'manifest injustice' would result by allowing the verdict to stand." *Johnson v. Ford Motor Co.,* 988 F.2d 573, 758 (5th Cir. 1993) (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 765 (5th Cir. 1989). *See also Learmonth v. Sears Roebuck and Co.*, 631 F.3d 724, 731 (5th Cir. 2011) (quoting *Foradori v. Harris*, 523 F.3d 477, 506-507 (5th Cir. 2008)). Here, Plaintiff has failed to

demonstrate that C&E's counsel's commentary to the jury constituted a substantial injustice that would warrant the granting of a new trial. C&E's counsel's closing statements regarding prior Plaintiff's counsel's role in the case, even if erroneous, are not grounds for granting a new trial under the circumstances here. *See Alaniz*, 591 F.3d at 778 (5th Cir. 2006)("[e]ven if remarks are deemed improper ... a new trial will not be granted...").

The central issue raised at trial was not whether an accident took place, but whether C&E was liable under the Jones Act and general maritime law for injuries sustained by Plaintiff. The jury's verdict is neither against the weight of evidence nor is it based on unfair trial proceedings as prejudical error. The fact that C&E paid maintenance and cure to Plaintiff for several weeks after the accident does not automatically lend support to the conclusion that the jury's verdict was against the weight of evidence. Courts have frequently held that "the obligation of an employer to pay maintenance and cure, which is based on its employment relationship with the seaman, exists *regardless of the fault*, vel non, of the employer". *Complaint of Liberty Seafood*, 38 F.3d 755, 757 (5th Cir. 1994) (emphasis added).[3]

---

[3] See e.g., *Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 730 (1943); *Brister v. A.W.I. Inc.,* 946 F.2d 350, 361 (5th Cir. 1991). *See also Complaint of Clearsky Shipping Corp.,* 1998 WL 512990 * at 1 (E.D. La. 8/18/98).

The arguments presented by Plaintiff do not satisfy the relevant standard.

New Orleans, Louisiana, this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE